NO. 07-09-0204-CR

 

   IN THE COURT
OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 

 MARCH 16, 2010



 



 

EUTIMIO OLIVAS, 

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                             Appellee    

_____________________________

 

FROM THE 121ST DISTRICT COURT OF TERRY
COUNTY;

 

NO. 5793; HONORABLE KELLY G. MOORE,
PRESIDING

 



 

Memorandum
Opinion

 



 

Before  QUINN, C.J., and HANCOCK and PIRTLE, JJ.








            Appellant Eutimio Olivas was
convicted of two counts of indecency with a child (his stepdaughter).  In appealing those convictions, he contends
the evidence is legally and factually insufficient to support them.  The judgments are affirmed.   

            We review challenges to the
sufficiency of the evidence under the standards discussed in Jackson v. Virginia, 443 U.S. 307, 99
S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson
v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006).  Appellant was charged with intentionally and
knowingly engaging in sexual contact with the complainant by touching her anus
and her breast.  He argues that the
evidence shows at most that he only “attempted” to commit indecency with a
child because he did not actually touch the complainant’s breast or anus.  We disagree.

            The complainant, who was fifteen at
the time of trial, testified that as appellant was waking her up, he put his
hand “in my pants and my underwear and started rubbing my butt all the way to where
you use the rest-room.”  Another time
when she was sleeping, he rubbed her back, tried to remove the strap of her
bra, and touched the side of her breast. 
She admitted that, prior to trial, she had
never told anyone other than the district attorney that appellant had touched
her anus.  However, this was because she
was young and did not explain the “details,” she continued.  Furthermore, when asked if her “butt”
encompassed only the “cheeks,” she replied that she “would consider it all of
it.”  She also denied ever “changing” her
story.  At other times, she also
described the incidents as being touched “almost to
where you use the rest-room” and not being touched on the breast but “[l]ike
right here [demonstrative].”  There was
further evidence that a police officer asked her if she had been touched by
appellant on her breast and she indicated she had not.

            Appellant gave a statement to police
in which he admitted that he had touched the
complainant on the breast “under her blouse” and “under her pants” on “her
butt.”  However, at trial he explained
that he had admitted to those events because he believed he could keep his family
together if he did so but they did not happen the way he described them.  

            Admittedly, the evidence as to the
exact places where the complainant was touched is conflicting.  Yet, that alone does not render the evidence
insufficient.  Watson v. State, 204 S.W.3d at 417
(stating that it is not enough for a new trial that a conflict in the evidence
would cause an appellate court to disagree with the jury’s resolution of the
conflict). The complainant did testify that she was rubbed up to where
one uses the restroom from which the jury could reasonably infer that she was
touched on her anus. See Hill v. State, 3
S.W.3d 249, 254 (Tex. App.–Waco 1999, pet. ref’d) (stating that when the victim
said she was touched in the place she went to the bathroom, the jury could
infer she was touched on her genitals).  She
also stated at least once that she was touched on her breast and appellant
admitted to touching her on the breast. 
This testimony is legally sufficient to sustain the convictions.  Jensen
v. State, 66 S.W.3d 528, 534 (Tex. App.–Houston [14th Dist.]
2002, pet. ref’d) (stating that the testimony of the complainant alone is
sufficient to support a conviction).  

            The other evidence of record tends
to place her credibility in question. 
But, whether to believe or disbelieve her was a matter within the jury’s
province, that is, for it to resolve.  Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000). 
We cannot say that the manner in which it resolved the issue was so
against the great weight of the evidence as to undermine our confidence in
it.  That is, we see no manifest
injustice given the totality of the evidence before the jury.  

            Accordingly, we overrule the issues,
find the evidence to be both legally and factually sufficient to support the
verdicts, and affirm the judgments of the trial court. 

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice 

 

Do
not publish.






i>
Pena v. State, 285 S.W.3d 459, 464
(Tex. Crim. App. 2009) (stating that an issue has been preserved when a party
lets the trial judge know what he wants and why he thinks he is entitled to it
clearly enough for the judge to understand him at a time when the judge is in a
proper position to do something about it).

            The State having conceded error, we
next determine whether the mistake was harmless.  Since the error was of constitutional
magnitude, it can be disregarded only if we conclude, beyond reasonable doubt, that it did not contribute to the conviction or punishment.  Tex. R. App. P. 44.2(a).  While it is true that evidence other than
appellant’s statement illustrates his complicity in the crime, one cannot
discount the impact of a detailed confession like that at bar.  Hearing the accused clearly inculpate himself,
purportedly in a voluntarily manner, can hardly be ignored by a rational jury.   McCarthy v. State, 65 S.W.3d 47, 56
(Tex. Crim. App. 2001) (noting the impact that a confession has on the
outcome).  Given this, we cannot say
beyond reasonable doubt that appellant’s statement did not contribute to his
conviction or sentence.

The trial court erred in refusing to suppress the confession,
and the error was harmful.  Thus, the
judgment is reversed and the cause remanded for further proceedings.[3]  See id.
at 56.  

                                                

                                                                                    Per
Curiam

Do not publish.











[1]Appellant
was certified to stand trial as an adult. 





[2]The alleged Fifth Amendment violation is based on his
prior utterance to law enforcement personnel investigating another robbery that
he wished to “talk with an attorney before giving a statement.”  This utterance occurred two days prior to the
date he gave the statement here at issue. Allegedly, Deputy Stephens did not
know that appellant had made the utterance when he initially met with
appellant.  





[3]Our
disposition of this issue precludes the necessity for us to discuss appellant’s
remaining issues.